Under the agreed statement of facts, the trial judge properly found that the plaintiff company was not operating an agency for taxicab owners or operators other than itself, and for that reason did not come within the terms of the tax ordinance under which the executions were issued. A judgment declaring such executions null and void and ordering them delivered up and canceled of record was, therefore, not erroneous.
Judgment affirmed. All the Justices concur.
 No. 16603. APRIL 14, 1949.
Yellow Cab Company of Savannah sought to enjoin the officers and employees of the City of Savannah from proceeding with a levy, advertisement, and sale of its property under certain tax executions issued by its treasurer. The company prayed that such tax executions be declared null and void, and ordered canceled of record. The case was submitted to the judge of the superior court for decision on an agreed statement of facts, the material portion of which, in so far as a consideration of the controlling question is concerned, is as follows: The plaintiff has been engaged in the taxicab business in the City of Savannah since 1922. Its method of operation is to lease its taxicabs to its drivers for a 12-hour shift. The rate is $6.50 per shift payable in advance to the plaintiff company by its drivers. Refunds are made to the drivers if repairs require the vehicle to be out of service for more than one hour, provided the plaintiff does not have another vehicle available for the driver. The drivers receive a booklet from the plaintiff entitled "Driver's Instructions," and additional oral instructions as to the operation and maintenance of the taxicabs. The plaintiff and its drivers have been ruled by the Department of Industrial Relations of the State of Georgia, and by the Federal Government, to have the relation of employer and employee, with the result that social-security and unemployment taxes are paid upon the drivers. The plaintiff carries workmen's compensation insurance on its drivers. The plaintiff agrees with its drivers to transmit calls, when received by telephone, to the next taxicab available so as to distribute the calls as equitably as possible. By a city ordinance, *Page 240 
taxicabs are permitted to be parked only at such stands as may be designated as such by city officials. City ordinances forbid the solicitation of passengers, directly or indirectly, upon the streets of the city, and forbid any taxicab to be driven about the streets of the city while not actually engaged in transporting a passenger. In 1946 there were three companies, in addition to the plaintiff company, which operated its taxicabs in the same manner as the plaintiff. There were also 22 individuals who secured licenses for the operation of taxicabs but did not maintain an office for receiving calls. During the time covered by this suit, 1941 through 1946, the plaintiff paid an occupational tax to the city in accordance with the following language contained in the License Tax Ordinance: "Automobile Carrying Passenger for Hire, Not Jitneys: Every automobile used as a carrier of passengers for hire, carrying five or less passengers, . . $25; carrying seven passengers, or more. . . $35." The additional occupational taxes for the years 1941 through 1946 were based upon the following language contained in a tax ordinance passed during each of those years: "Taxicabs or Public Vehicles for Hire Agencies: Every person, firm or corporation maintaining an office or a place of business for the purpose of receiving telephone calls or orders for taxicabs or public vehicles for hire, and who receives a daily, weekly, or monthly sum of money from the owners and/or operators of such taxicabs or public vehicles for hire for services in giving or communicating to such owners and/or operators of such taxicabs and/or public vehicles called or ordered for the said taxicabs and/or for public vehicles for hire . . $150 for each and every such office or place of business."The trial judge found that the plaintiff was not operating an agency for taxicab owners or operators other than itself, and that it did not come within the terms of the tax ordinance, and ordered the tax executions delivered up and canceled of record. The exception is to that judgment.